The judgment of the court was pronounced by
Eustis, C. J.
The case is fully stated in the opinion of Judge Preston. We aie not disposed to differ with the views expressed by him in relation to the law, but cannot concur with him in the construction which he puts upon the indictment. An indictment under a statute ought with certainty and precision to charge the defendant to have committed or omitted the acts under the circumstances, and with the intent mentioned in the statute ; and if any one of these ingredients in the offence be omitted tho indictment is not good.
In the statement of the offence in this indictment we do not find the offence charged in confirmity with these requisites. There is no charge whatever of any neglect or refusal to pay over, on demand, any money received by him as tax collector, in the manner prescribed by law, nor of his having neglected to exhibit his accounts to be audited and settled, as the law requires, nor of any demand made on him so to exhibit them, or to pay over to the treasurer the public money received by him as tax collector. Nor are any facts of loan, investment, conversions, or use, of the money collected by him, charged in the statement of the indictment, except those of having collected the taxes, and paid over portions at different times, leaving a balance due the State of Louisiana of monies collected by him, the said William K. Stiles, as Collector of State Taxes for the Fourth Representative District of New Orleans as aforesaid, amounting to the sum of twenty-eight thousand seventy-nine dollars and forty-nine cents; for which amount he is a defaulter.
The charge of this balance being due the State by him as stated, we think is not a proper decription of the offence under the statute; nor do we think this defective description is aided by the use of the term defaulter, as applied to the balance so due.
We do not understand the ttse of general terms in an indictment under a statute for a specific offence, as curing a defective description, in which the facts constituting the offence are not set forth, any more than an indictment for larceny would be aided by the defendant being called in it a thief.
The commencement of the indictment alleges, that the defendant did convert to his own use the sum, &c. The charge is then limited by the words following, for this: heretofore, to wit: That, &c. Then comes the statement, and if it does not by the facts alleged make out an offence under the statute, the indictment is necessarily defective. This was understood to be conceded by the learned counsel who argued the case on the part of the State.
*327 We do not understand the charge of embezzlement at the conclusion of the indictment as having any effect upon the defective statement of the offence.
When the words of a statute are not used in an indictment for an offence under it, the question necessarily arises as to the meaning of the words used —an enquiry resting frequently in mere verbal criticisms, difficult and uncertain, as well as unsatisfactoiy in its results' — a work which courts may easily be spared by an adherence to the words of the law itself, and those which practice and experience have determined to be sufficient and appropriate.
The statute of 1805, regulating proceedings in criminal cases, provides that the forms of indictment, (divested, however, of unnecessary prolixity,) and all other proceedings whatsoever in the prosecution of crimes, changing what aught to be changed, should be according to the common law.
In the case of The Territory v. Nugent, 1 M. R. 172, this statute was fully considered by the late Supreme Court; and the views expressed by the court we believe have been acted upon by our courts in criminal cases ever since. That statute furnishes a standard by which the forms of indictment are to be judged, according to the rules which we have considered as established by courts in which criminal proceedings are conducted according to the common law. We understand that indictments for offences created by statute must describe the offence in the words of the statute, or in words certain and equivalent. Any departure from these rules, we think, produces confusion, and may often lead to injustice to the accused, and tends inevitably to embarass and defeat the administration of justice.
By reason of the insufficiency and Want of certainty in the statement of the offence charged in the indictment, it is considered by the court, that the judgment against the prisoner be arrested, and the proceedings be set aside, the judgment of the district court being reversed.
Preston, J., dissenting. The defendant has been prosecuted, convicted and sentenced, for a violation of the statute approved the 25th of March, 1844, “to prevent the embezzlement of the public money.”
His counsel moved to arrest the judgment of the court upon the verdict rendered against him, upon the following grounds: 1st That the indictment upon which he was tided did not set forth any ownership of the money which he was charged with having embezzled; and is, therefore, so defective and insufficient that no verdict of guilty or sentence of condemnation can properly be founded upon it. 2d. That the indictment does not charge any offence designated by the act of March 25th, 1844, upon which the prosecution pretends to be based, but charges this defendant with converting to his own use “ money collected and received by him for the State of Louisiana, and not with converting to his own use “ any portion of the public money which he was authorised to collect,” in the manner and substance as set forth in said act, and as by law required; and that, therefore, no judgment can be properly redered against him in the premises.
The district court overruled the motion in arrest of judgment. The defendant took an appeal to this court; and his counsel has urged the same grounds in this court for the reversal of the judgment against him, and cited in support of them many authorities.
Two hundred years ago the great and good Lord Hale observed : “ that the strictness required in indictments had grown to be a blemish and inconvenience in the law, and the administration thereof; that more offenders escape by the over easy ear given to exceptions to indictments than by the manifestation of their innocence ; and that the greatest crimes had gone unpunished by reason of these unseemly niceties.”
*328 An indictment must undoubtedly contain a certain description of the crime of which the defendant is accused, and statement of the facts by which it is constituted. The leading objects of this certainty are that the defendant may know what the crime is with which he is charged; that the jury may find the accused guilty or not guilty of facts which clearly constitute a violation of law; that the court may see such a definite offence established on record; that it may apply by judgment the punishment which the law prescribes; and thatthe defendant’s conviction or acquittal may insure his subsequent protection against another prosecution for the same offence. If there be that reasonable certainty in the matter charged and the manner of charging it, which will insure all these objects, the indictment should be maintained.
By the 62d section of the act under which the accused was uppointed, it is enacted, “that on or before the first Monday in December annually, the several tax collectors shall exhibit their accounts to be audited and settled; and if any tax collector shall neglect or fail to pay the amount found due into the treasury, and obtain the treasurer’s receipt therefor, within thirty days after the above required settlement,” he is styled, by the 63d section of the act, a delinquent.
The statute under which the defendant is prosecuted, enacts : “ That if any officer of this State, or any other person, shall convert to his own use in any way whatever, or shall use, by way of investment in any kind of property or merchandise, or shall loan, with or without interest, or use in any other manner than as directed by law, any portion of the public money which he is authorised to collect, or which may be entrusted to his safe keeping or disbursement, or for any other purpose, every such act shall be deemed and adjudged to be an embezzlement of so much of the said money as shall be thus taken, converted, invested, used or loaned, which is hereby declared to be a felony; and the neglect or refusal to pay over, on demand, any public money in his hands, in the manner required by law, shall be prima facie evidence of the conversion and embezzlement of the public money in his hands; and any officer or other person, and all persons advising, or knowingly and willfully participating in such embezzlement, shall pay a fine equal to the amount of money so embezzled, beside restoring the same, and shall be imprisoned in the penitentiary at hard labor for a term not less than six months nor more than five years.”
It would, undoubtedly, have been better if, in the prosecution of the accused, the indictment had followed the very words of the statute in the general description of the crime; and in charging the facts, make the plainest averments in the shortest and most simple language. This was the object which the Legislative Council of 1805 intended to attain, by providing that “the forms of indictments (divested, however, of unnecessary prolixity,) and all other proceedings whatsoever in the prosecution of crimes, changing what ought to be changed should be according to the common law.” But it is perfectly settled in this country and in England, that it is not necessary in an indictment for a statutable offence to follow the exact wording of the statute, but it is sufficient if the offence be set forth with substantial accuracy and reasonable certainty. Archbold, 24. The United States v. Batchelder, 2 Gallison’s Rep. 18.
The indictment sets forth with minute accuracy, that Styles was a public officer, to wit, the Tax Collector of the Fourth Representative District of New Orleans, duly appointed, qualified and authorised to collect the taxes of the district for the year, 1848. It avers that $42,132 were received and collected by him as Collector of State Taxes for the Fourth Representative District of the parish of Orleans.
*329 The objection to the indictment is, that this averment does not describe the money “ as a portion of the public money” in the words of the statute, nor show that it belonged to the State of Louisiana.- But it is n rule of criminal pleading, that presumptions of law need not be stated, nor conclusions of law resulting from the facts of a case. It suffices to state the facts, and leave the court and jury to draw the inference. 1 Chitty, 231. 4 Maule & Selwyn, 105. 2 Wilson, 147. Russell & Ryan, C. C. 488. 5 Leach, 591.
The collection of money as collector of State taxes raises the legal presumption that it belongs to the State of Louisiana, and is- public money. It negatives the possibility that it belongs to any other owner than the State of Louisiana, or that it is not public money. The statute which created the office charged the tax collector with the collection of money for the State alone, and not for any other owner. It became public money in' his hands, and could not belong to individuals or corporations (as supposed in argument) until first deposited in the State treasury and afterwards paid out in pursuance of appropriations made by law.
The indictment proceeds to state that the accused paid certain sums into the State treasury, “leaving a balance due the State of Louisiana of moneys collected by him as aforesaid, amounting to the sum of $28,079 49, for which amount he is a defaulter.” The averment would have been more certain if ithad stated that the accused did not pay said balance into the State treasury. But the term defaulter is a common law term, and signifies one who is deficient in his accounts. See Bouviers’ Dictionary. As applied to a tax collector, the term describes one who does not have his accounts audited, and pay over the balance in his hands as required by law. The statute creating the office of tax collector styles such a one “delinquent;” using a general term synonymous with that used in the indictment. The failure to pay the balance into the State treasury is therefore sufficiently averred by the allegation, that for the balance due the State of Louisiana the accused is a defaulter. It is true, he might have been a defaulter by accident or by the default of an agent for whom he was responsible civilly, but not criminally. But it is to be considered that, in addition to all the specific averments, the indictment charges in the commencement that the accused “converted to his own use $28,079 49, money collected and received by him for the State of Louisiana, as collector of State taxes ;” and concludes by charging him generally with embezzlement. And, upon the whole, I think the crime is sufficiently charged in the indictment, both as to matter and manner.
It is urged with more reason, that the verdict is nugatory. The jury found a general verdict of guilty, without specifying any amount embezzled, whilst the statute, in addition to imprisonment in the penitentiary, subjects the offender in all cases to restore the money embezzled, and to pay a fine equal to the amount. The extent of the punishment depends upon the extent of the embezzlement, and yet the juiy found no sum embezzled.
In a civil case, where the amount of the verdict depends upon evidence not in the record, a general verdict for the plaintiff is not aided by reference to the petition or declaration. And we have not been able to find any precedent in a criminal case where the extent of the punishment depends upon the amount of money feloniously stolen, received or embezzled, And no specific amount is found by the verdict, in which the court has inferred the amount from the indictment. It is impossible for us to say, from the verdict alone, that the jury found that the accused embezzled the whole amount stated in the indictment.
*330 It has been urged on behalf the State, that the accused was certainly found guilty of embezzlement, and was at least properly sentenced to imprisonment in the penitentiary, although the court should be of opinion that the pecuniary punishments ought not to have been inflicted.
The statute subjects the crime of embezzlement in all cases to pecuniaiy penalties as well as imprisonment in the penitentiary. A single crime is charged, for the commission of which the statute inflicts upon the offender three distinct punishments: imprisonment in the penitentiary, fine, and restoration. Enough must be found by the jury to enable the court to inflict each of these distinct punishments. 2 East. Pleas of the Crown, 708, 784. 2 Strange, 1015.
The finding of the juiy is nugatoiy. It is clear they did not intend to acquit the prisoner; and yet they did not find enough to subject him to the penalties prescribed by law. Where a verdict is so imperfect that no judgment can be rendered upon it according to law, a venire facias de novo may be awarded, at least in cases not capital. See the case of The King v. Woodfall, 5 Burroughs, 2662.
In my opinion, the judgment of the district court ought to be reversed, and the case remanded with directions to the district court to set aside the verdict and order a new trial.